```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

| | |
|---|---|
| ROBERT BUCKINGHAM, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 12-2985 |
| | ) |
| ALLY FINANCIAL and DOES 1-20, | ) |
| | ) |
|     Defendants. | ) |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are Defendant Ally Financial's ("Ally") January 3, 2013 Motion to Dismiss for Failure to Effect Service, (ECF No. 4), and Magistrate Judge Tu M. Pham's June 25, 2013 Report and Recommendation, (Report, ECF No. 6). Plaintiff Robert Buckingham ("Buckingham") has not objected and the time to do so has passed. See 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of the Magistrate Judge's Report], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of the court.").

Magistrate Judge Pham recommends that Buckingham's Complaint be dismissed sua sponte for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction

pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), and that judgment be entered for the Defendants. (Report 22.)  Magistrate Judge Pham recommends that the Complaint against Defendants Doe 1-20 be dismissed because service of process cannot be made on unnamed parties and a complaint against unnamed parties does not toll the running of the statute of limitations.  (Id. 1 n.1.)  Magistrate Judge Pham recommends that Ally's Motion to Dismiss be denied without prejudice as moot based on his recommendation that the entire case be dismissed pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2).  (Id. 4 n.5.)

For the following reasons, the Court ADOPTS Magistrate Judge Pham's Report.  Buckingham's pro se Complaint is DISMISSED.  Ally's Motion to Dismiss is DENIED without prejudice as moot.

Congress intended 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence,

the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. Id. at 151.

Buckingham has not objected to Magistrate Judge Pham's Report. The deadline for objecting, which was explicitly referenced in the Report, has passed. (Report 22.) Because Buckingham has failed to object, Arn counsels the Court to adopt the Report in its entirety. 474 U.S. at 151. Adopting the Report is consistent with the policies underlying § 636, specifically promoting judicial economy and protecting against the "functions of the district court [being] effectively duplicated as both the magistrate and the district court perform identical tasks." Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

For the foregoing reasons, the Report is ADOPTED. Buckingham's pro se Complaint is DISMISSED. Ally's Motion to Dismiss is DENIED without prejudice as moot.

So ordered this 24th day of July, 2013.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE